UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE COMMERCE INSURANCE COMPANY, as subrogee of JACQUELINE PERRIN<br>    Plaintiff,<br>v.<br><br>HAMILTON BEACH, INC. and WALMART<br>    Defendants | CIVIL ACTION NO.: 4:10-cv-10993-FDS |

## PROTECTIVE ORDER OF CONFIDENTIALITY

1. **"Confidential Material."** As used in this Protective Order, **confidential material** shall refer to information and records of Defendant, Hamilton Beach, hereinafter referred to as "Defendant," with regard to the Hamilton Beach Type 35 toaster alleged by plaintiff to be defective in this action, including the Bill of Materials, design specifications, engineering drawings, Product Change Notices and Underwriters Laboratories testing, which the defendant regards as trade secrets and confidential information pursuant to state and federal law. All **confidential material** is the exclusive, inalienable property of the Defendant.

2. **"Records."** As used in this Protective Order, **records** shall mean information, both discrete and cumulative, that is inscribed or otherwise recorded on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form. **Records** includes both electronic records and printed, typewritten, and other tangible records.

3. **Scope.** This Protective Order shall govern **confidential material** produced or disclosed by this Defendant in response to formal or informal discovery conducted in this matter. Nothing in this Protective Order shall be deemed to preclude this Defendant's right to: (a) oppose discovery on grounds not addressed under the terms of this Protective Order, or (b) object on any ground to the admission of any

**confidential material** into evidence at trial. Further, nothing contained in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the **confidential material** sought.

4. **Designation of Confidential Material.** Defendant may designate all of any portion of documents, things, and information it produces formally or informally to other parties to this litigation as **confidential material**. The designation of **confidential material** shall be made by any practicable means, including placing on the thing so designated, such that it will not interfere with its legibility, an appropriate notice such as the following: **confidential material**. **Confidential material** will be Bates stamped, if appropriate. All materials designated as **confidential material** shall be treated as such pursuant to the terms of this Protective Order until further order by the Court.

5. **Objection to Designation.** If any party objects to the designation of any record as **confidential material**, that party shall promptly notify all other parties in writing at least ninety (90) days before the scheduled trial date, specifying the factual and legal basis for the objection. If a dispute arises that cannot be resolved by agree-ment, then the dispute will be submitted to the Court. Pending such determination, the **records** shall be maintained as **confidential material**.

6. **Access to Confidential Material.** Access to **confidential material** shall be limited to **authorized persons**, solely in the performance of their duties in connection with trial preparation of this case. **Authorized persons** are:

(a) Counsel of record for the parties to this civil action who have consented to this Protective Order and have signed the Promise of Confidentiality;

(b) Paralegal, secretarial, administrative, and legal personnel working under the direction and control of those counsel of record; and

(c) Outside forensic experts and consultants retained by counsel of record who have first consented to this Protective Order and signed the Promise of Confidentiality and agreed in writing to be bound by its terms (specifically excluding attorneys who are not counsel of record for the parties to this civil action).

Access to **confidential material** shall not be given to any person or entity not specifically described above, including to members of the general public. However,

nothing in this Protective Order shall prohibit Defendant from utilizing the confidential material as it deems appropriate, and any such use by Defendant shall not destroy the confidentiality of the confidential material in question.

**Authorized persons** shall not include any organization or entity, or any representative thereof, that regularly maintains and/or disseminates documents or information regarding documents, including abstracts or summaries, or any other **records** as a service to its members, subscribers, or others.

Under no circumstances shall access to **confidential material** be granted to any employee of any competitor of Defendant, or any person who, within the past two years, has been affiliated with, employed by, or consulted with a competitor (or an entity in privity with a competitor) of Defendant regarding research, development, production, or testing of consumer appliances, or, over the following two years, expects to be involved in any such employment, affiliation, or consultation. For purposes of this Protective Order of Confidentiality, a "competitor" is any other manufacturer or distributor of household appliances that competes in the same product lines as Hamilton Beach/Proctor-Silex, Inc.

7. **Promises of Confidentiality.** Each **authorized person** who receives access to any **confidential material** shall first be given a copy of this Protective Order and advised by the trial counsel making the disclosure that such person must not divulge any **confidential material** to any other person except in the preparation or trial of this lawsuit, and that such disclosure is limited to **authorized persons**. In accord with *Hartman v. Remington Arms Co.*, 143 F.R.D. 673, 693 (W.D. Mo. 1992), a Promise of Confidentiality is attached as Exhibit A. This promise must be signed by each **authorized person** receiving any **confidential material** in advance of receipt. The signed original of each such promise shall be maintained by the disclosing counsel and provided to counsel of record for Defendant within thirty (30) days after the final termination of this action.

8. **Storage of Confidential Material.** **Authorized persons** shall maintain all **confidential material** in a secure location. **Confidential material** may not be entered onto any electronic storage system, other than a floppy 3.5" disk, and may not be transmitted via e-mail or other similar media. **Authorized persons** shall maintain a

record, by Bates number designation, of the quantity of all copies or other reproductions made of each item of **confidential material**.

9. **Use of Confidential Material.** All **confidential material** shall be used for the purpose of this lawsuit only.

(a) No **confidential material** will be produced, disclosed, or otherwise utilized in any other litigation, whether or not that litigation involves parties to this case. Further, no **confidential material** shall be disseminated to or shared with any organization or entity, or any representative thereof, that regularly disseminates documents or information regarding documents, including abstracts or summaries, or any other **records** as a service to its members, subscribers, or others, or the representative of such an organization or entity.

(b) If any subpoenas, requests for production, or other forms of discovery in connection with other litigation are served on any party to this Protective Order, or any **authorized person** defined hereunder, that party will immediately notify Defendant's counsel of record, provide Defendant's counsel with a copy of the subpoena or other discovery request, and will consent to and assist in obtaining an order from the appropriate court protecting the **confidential material** from being disseminated outside the scope of this Protective Order.

10. **Court Records.** In the event that any **confidential material** is in any way disclosed in any pleading, motion, deposition transcript, videotape, exhibit, photograph, or other material filed with any court, the **confidential material** shall be filed in an attached sealed separate envelope containing the style of the case marked "CONFIDENTIAL MATERIAL Protected by Court Order," dated and kept under seal by the clerk of that court until further court order. Such **confidential material** shall, however, remain available to personnel authorized by that court and to **authorized persons**. When practicable, however, only the confidential portion of the pleadings filed with the court will be filed in a separate sealed envelope. If any **confidential material** is furnished to any court by any party, a duplicate copy with the discrete **confidential material** deleted may be substituted in the public record, if appropriate.

11. **Depositions.** If any **confidential material** is used or referred to during any deposition, counsel for Defendant may require that only its representatives,

**authorized persons**, the deponent, the court reporter, and the camera operator (if the deposition is videotaped) shall be present for the portion of the deposition dealing with **confidential material**. Counsel for Defendant may also serve a copy of this Protective Order upon the deponent, the court reporter, and camera operator, and require that each sign the Promise of Confidentiality (Exhibit A) prior to further questioning. Counsel for Defendant may state on the record at the deposition that the deposition includes information claimed to be **confidential material**. Within thirty (30) days of receipt of the completed deposition transcript, counsel for Defendant shall designate by page and line the portions for which such claim is made, and give written notice of this designation to the court reporter and all other parties. This designation shall be placed on the first page in the original and all copies of the deposition by the court reporter and by counsel for the parties. The designation shall include the style of the case and may follow the form attached as Exhibit B. Pending such designation, the deposition and all exhibits shall be treated in its entirety as **confidential material**. Those portions of the deposition which are designated as **confidential material** shall be bound separately under seal and prominently marked "confidential material subject to Protective Order." The portions of each deposition so designated shall be returned to trial counsel for Defendant upon final termination of this action. Depositions the defendant requires to be specially bound done so at defendant's expense.

Under no circumstances shall any confidential material be viewed by any deponent who is an employee of any competitor of Defendant, or any person who, within the past two years, has been affiliated with, employed by, or consulted with a competitor (or an entity in privity with a competitor) of Defendant's regarding research, development, production, or testing of consumer appliances or, over the following two years, expects to be involved in any such employment, affiliation, or consultation. For purposes of this Protective Order of Confidentiality, a "competitor" is any other manufacturer or distributor of household appliances that competes in the same product lines as Hamilton Beach.

   12.   **Evidence at Trial. Confidential material** may be introduced into evidence at trial, if otherwise admissible. In the event that a transcript of the trial is prepared, any party may request that certain portions thereof, which contain trade

secrets or other **confidential material**, be filed under seal. Any confidential materials introduced into evidence at trial may be shown to the jury during the trial.

  13. **Inadvertent Disclosure.** Should any **confidential material** be disclosed to any unauthorized persons, through inadvertence of a party or through the act or omission of any person, the unauthorized person (a) shall be informed promptly of the provisions of this Protective Order by the party who first learns of the disclosure, and upon such notice shall be subject to the terms of this Protective Order; (b) shall be identified immediately to Defendant; and (c) shall be directed if within control of a party, or otherwise asked, to sign the Promise of Confidentiality (Exhibit A). At Defendant's sole discretion, such unauthorized person may be required to surrender to Defendant all copies of **confidential material** in such unauthorized person's possession. In the event of an unauthorized disclosure, plaintiff and its counsel shall cooperate fully with the Defendant and its counsel to obtain the return of the inadvertently disclosed materials.

  14. The inadvertent, unintentional, or in camera production of **confidential material** and/or other trade secret information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claim that such material is trade secret and should not be disclosed. If a claim of inadvertent production is made pursuant to this paragraph, the non-producing party shall promptly return the identified material and all copies to the producing party and make no use of this material for any purpose.

  15. **Return of Confidential Material.** Within thirty (30) days of the final termination of this action, counsel for record for each party shall assemble and return to counsel of record for Defendant all **confidential material** produced, including all copies, notes, summaries, renderings, photographs, recordings, floppy discs, and reproductions of every kind of such confidential material. Any **confidential material** entered on a computer database or other electronic media forbidden by Paragraph 8 of the Protective Order shall also be deleted and written over or reformatted. Any direct quote from or description of **confidential material** will also be returned to counsel of record for Defendant within thirty (30) days of final termination of this action. Accompanying the return of all **confidential material**, counsel of record for each party

shall provide to counsel of record for Defendant a cover letter which includes: (a) a list of the Bates numbers of all original **confidential material** being returned; (b) a detailed explanation for the failure to return any original **confidential material** that had been produced to said counsel of record; and (c) an itemization of the number of copies being returned of each item of original **confidential material**, as well as an enumeration of the total number of copies ever made of each item of original **confidential material**. Said cover letter shall not disclose the title or substance of the **confidential material**. A copy of each such letter shall be filed with the Court. All signed Promises of Confidentiality shall also be forwarded to counsel of record for Defendant as provided in Paragraph 7.

ORDERED by the Court this _____ day of _____, 2010.

_____
United States District Judge

This Protective Order agreed to by:

**McBREEN & KOPKO**

_____
Thomas J. Bradley, Esquire
Attorney for Defendants,
Hamilton Beach Brands, Inc.
and Wal-Mart Stores, Inc.

**SLOANE & WALSH, LLP**

_____
Michael P. Guagenty, Esquire
Attorney for Plaintiff,
The Commerce Insurance
Company, as subrogee of
Jacqueline Perrin

## CERTIFICATE OF SERVICE

I, Michael R. Keller, hereby certify this document is being filed through the ECF system, and is available for viewing and downloading to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent by first class mail to those indicated as non registered participants on December 13, 2010.

*/s/ Michael R. Keller*

_____
Michael R. Keller