UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| The COMMERCE INSURANCE COMPANY, as subrogee of JACQUELINE PERRIN<br>　　　Plaintiff,<br>v.<br><br>HAMILTON BEACH, INC. and WALMART<br>　　　Defendants. | CIVIL ACTION NO: 4:10-cv-10993-FDS |

**<u>DEFENDANT'S, HAMILTON BEACH BRANDS, INC., MOTION FOR ENTRY OF</u>**

**<u>PROTECTIVE ORDER OF CONFIDENTIALITY</u>**

**NOW COMES** Defendant, Hamilton Beach Brands, Inc. ("Defendant"), by and through its counsel, and pursuant to Federal Rule of Civil Procedure 26(c), and respectfully requests this Honorable Court grant its Motion for Entry of Protective Order of Confidentiality. In support of this motion, Defendant submits the attached Protective Order of Confidentiality signed by counsel for plaintiff and Hamilton Beach, with proposed forms for Promise of Confidentiality and Designation of Confidential Material attached as exhibits thereto. In further support hereof, Defendant states as follows:

　　　1.　　　Plaintiff has alleged in this action that the Defendant failed to use reasonable care with its product, a toaster oven, resulting in a fire that allegedly caused significant property damage to plaintiff's insured, Jacqueline Perrin.

　　　2.　　　The parties are in the process of discovery, and requests have been made to produce private, confidential, and/or proprietary information or business records.

3. The parties have agreed to the terms of the accompanying [Proposed] Protective Order of Confidentiality as to the production, use, and safeguarding of any confidential and proprietary business records or information during this litigation and after.

4. The Court has "wide latitude in designating protective orders, and the Federal Rules of Civil Procedure reflect that approach." Poliquin v. Garden Way, Inc., 989 F.2d 527, 532 (1st Cir. 1993). That is, "Rule 26(c) generously permits for the making of any order which justice requires to protect a party or person from annoyance and … including … (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Id. (internal quotations omitted).

5. Further, "[t]he district court has 'broad discretion' to decide when a protective order is appropriate and what degree of protection is required." Id. The attached Protective Order of Confidentiality will facilitate the discovery in this litigation and provide protection as to certain confidential and proprietary matters.

**WHEREFORE**, the Defendant, Hamilton Beach Brands, Inc., respectfully requests that its Motion for Entry of Protective Order of Confidentiality, with respect to the attached Protective Order of Confidentiality, be allowed.

Respectfully submitted,
The Defendant,

HAMILTON BEACH BRANDS, INC.

By their Attorneys:
MORRISON MAHONEY LLP

*/s/ Michael R. Keller*
Sean F. McDonough, Esq. BBO#564723
Michael R. Keller, Esq., BBO#674823
250 Summer Street
Boston, MA 02210
617-439-7500
smcdonough@morrisonmahoney.com
mkeller@morrisonmahoney.com

1274282v1

**CERTIFICATE OF SERVICE**

I, Michael R. Keller, hereby certify this document is being filed through the ECF system, and is available for viewing and downloading to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent by first class mail to those indicated as non registered participants on December 20, 2010.

*/s/ Michael R. Keller*
_____
Michael R. Keller

1274282v1